DEBORAH S. MALLGRAVE, State Bar No. 198603
 *DMallgrave@GGTrialLaw.com*
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

KAREN BARTH MENZIES, State Bar No. 180234
 *kbm@ClassLawGroup.com*
JEFFREY KOSBIE, State Bar No. 305424
 *jbk@ClassLawGroup.com*
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Attorneys for Defendant Michaela Higgins

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JASHA TULL, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAELA HIGGINS, an individual a/k/a CAELI LA; and DOES 1 through 10 inclusive,<br><br>        Defendants. | Case No. 4:21-cv-01566-DMR<br><br>[Related to Case No.: 4:21-cv-01574-DMR]<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE**<br><br>[Filed Concurrently with Motion to Dismiss, and Motion to Dismiss and Motion to Strike in Related Case]<br><br>**Date:     June 10, 2021**<br>**Time:    1:00 p.m.**<br>**Dept.:    4** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 10, 2021, at 1:00 p.m., or as soon thereafter as the matter may be heard in Department 4 of the above entitled Court located at 1301 Clay Street, Oakland, California, Courtroom 4, Defendant Michaela Higgins ("Michaela"), by and through her attorney of record herein, will, and hereby does, move this Court for an Order to Strike the following allegations

Case No. 4:21-cv-01566-DMR
NOTICE OF MOTION AND MOTION TO STRIKE

in the Complaint ("Complaint") in this action on the basis that the language is irrelevant, impertinent, and/or scandalous:

a. Paragraph 2, page 2, lines 8 through 10 "Plaintiff is informed and believes that Defendant Higgins was also acting under and/or utilizing the pseudonym or screen name '@sensualintelligence' on the 'onlyfans.com' platform."

b. Paragraph 48, page 13, lines 12 through 14, "On or about June 26, 2020, the Twitter account '@caelila' stated 'You're an actual, factual psychopath @spacejesus.' This is false and a lie, Plaintiff is not a psychopath."

c. Paragraph 49, page 13, lines 15 through 18, "On or about June 29, 2020, the Twitter account '@caelila' stated that 'Whatever personality disorder Trump has (is it psychosis? megalomania? just straight up soul-less?, jasha has it too. They operate the exact same way.' This false and a lie, Plaintiff does not have a personality disorder."

d. Paragraph 50, page 13, lines 19 through 23, "On or about July 3, 2020, the Twitter account '@caelila' retweeted a tweet from 'Dmoney0101' stating 'So disheartening to see @bassnectar @spacejesus and @NahkoBear exposed as sexual predators all in one week…' '@caelila''s adoption and promotion of this statement amounts to an assertion that Plaintiff is a sexual predator, which is false and a lie."

e. Paragraph 52, page 14, lines 1 through 4, "On or about July 5, 2020, the Twitter account '@caelila' retweeted a tweet from '@deadsoonshawty' stating 'burnt all our pedophile merch last night :) FUCK YOU @spacejesus.' Defendant Michaela Higgins/Caeli La's retweet via '@caelila' amounts to an adoption and assertion Plaintiff is a pedophile, which is false and a lie."

f. Paragraph 54, page 14, lines 8 through 11, "On August 9, 2020, '@caelila' retweeted a tweet from '@shambhalaaa888' stating that Plaintiff had raped Defendant Michaela Higgins/Caeli La. '@caelila''s adoption and promotion of this statement amounts to an assertion that Plaintiff raped Defendant Michaela Higgins/Caeli La, which is a lie."

1        This Motion will be based upon this Notice of Motion and Motion, the accompanying
2  Memorandum of Points and Authorities and all legal authority cited therein, the Court's files and
3  records in the instant action (the "Action"), the Court's files and records in the related action Case
4  No.: 4:21-cv-01574, matters of which the Court may take judicial notice, and such further evidence
5  as may be presented at the time of the hearing on this Motion.

7  DATED:  April 28, 2021                GREENBERG GROSS LLP

By:      /s/ Deborah S. Mallgrave
        Deborah S. Mallgrave

GIBBS LAW GROUP LLP
Karen Barth Menzies
Jeffrey Kosbie

Attorneys for Defendant Michaela Higgins

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................................1

II.  FACTUAL ALLEGATIONS IN THE COMPLAINT .......................................................1

III. APPLICABLE LAW ...........................................................................................................3

IV.  ARGUMENTS ....................................................................................................................3

    A.   The Complaint's Reference of Michaela's OnlyFans.com Account Is a Gratuitous Reference with No Legitimate Purpose ......................................................3

    B.   Michaela's Statements About Jasha's Personality Should Be Stricken as Immaterial, Nonactionable Opinions. .......................................................................5

    C.   Michaela's Twitter Retweets Should Be Stricken Because She Cannot Be Held Liable for Non-Original Internet Content .............................................................6

V.   CONCLUSION ...................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
    301 F.R.D. 487 (C.D. Cal. 2014) .................................................................................. 3, 4, 5, 6

*Barnes v. Yahoo!, Inc.*,
    570 F.3d 1096 (9th Cir. 2009) ................................................................................................ 7

*Barrett v. Rosenthal*,
    40 Cal. 4th 33 (2006) ............................................................................................................. 7

*Campbell v. Jewish Comm. for Pers. Serv.*,
    125 Cal.App.2d 771 (1954) ................................................................................................... 6

*Carafano v. Metrosplash.com, Inc.*,
    339 F.3d 1119 (9th Cir. 2003) ................................................................................................ 7

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,
    173 F.3d 725 (9th Cir. 1999) .................................................................................................. 5

*Correia v. Santos*,
    191 Cal.App.2d 844 (1961) ................................................................................................... 6

*Doe v. MySpace, Inc.*
    528 F.3d 413 (5th Cir. 2008) ................................................................................................. 7

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) .......................... 3

*Hebrew Acad. of S.F. v. Goldman*,
    42 Cal. 4th 883 (2007) ........................................................................................................... 7

*Heller v. NBCUniversal, Inc.*,
    2016 U.S. Dist. LEXIS 193316 (C.D. Cal. 2016) ............................................................. 5, 6

*Hoesl v. United States*,
    451 F. Supp. 1170 (N.D. Cal. 1978), *aff'd*, 629 F.2d 586 (9th Cir. 1980) ............................... 6

*Lieberman v. Fieger*,
    338 F.3d 1076 (9th Cir. 2003) ............................................................................................ 5, 6

*Mireskandari v. Daily Mail & Gen. Trust PLC*,
    2013 U.S. Dist. LEXIS 194437 (C.D. Cal. 2013) .................................................................. 4

*Partington v. Bugliosi*,
    56 F.3d 1147 (9th Cir.1995) .................................................................................................. 5

*Phan v. Pham*,
    182 Cal.App.4th 323 (2010) .................................................................................................... 7

*Quatela v. Stryker Corp.*,
    820 F. Supp. 2d 1045 (N.D. Cal. 2010) ............................................................................... 3, 4

*S.E.C. v. Sands*,
    902 F. Supp. 1149 (C.D. Cal. 1995) ........................................................................................ 3

*Shively v. Bozanich*,
    31 Cal. 4th 1230 (2003) ........................................................................................................... 7

*Sliger v. Prospect Mortg., LLC*,
    789 F. Supp. 2d 1212 (E.D. Cal. 2011) ................................................................................ 3, 5

**Statutes**

Fed. R. Evid. 404 ............................................................................................................................ 5

Fed. R. Civ. Proc. 12(f) ..................................................................................................... 1, 3, 5, 6

Communications Decency Act of 1996 ...................................................................................... 1, 7

**Other Authorities**

First Amendment ............................................................................................................................ 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to the Federal Rules of Civil Procedure 12(f), Defendant Michaela Higgins ("Michaela")[1] moves for an order to strike certain allegations from Plaintiff Jasha Tull ("Jasha")'s Complaint (the "Complaint"). Michaela brings this motion on the ground that Jasha's Complaint improperly contains immaterial, impertinent, or scandalous matter referring to Michaela's OnlyFans.com account, to which Jasha makes no substantively related allegations in the instant action (the "Action"). This material prejudices Michaela by stigmatizing her as promiscuous or sexually provocative based on her choice to engage in legitimate business that has no bearing on and is not relevant to the allegations in the Complaint. Furthermore, Jasha improperly includes immaterial Twitter posts from Michaela that incorrectly assumes her retweets of other Twitter users' posts and her own Twitter opinions of Jasha's personality imply liability for defamation.

Included material must be related to the Action, support any material issue in the Action, or, at the very least, not be brought for the purpose of attempting to create prejudice against a party's character. Thus, Jasha's inclusion of Michaela's OnlyFans.com account information fails all three of these considerations, and should be stricken as improper.

Jasha's allegations referring to Michaela's Twitter retweets and Twitter opinions of his personality must similarly be stricken. These allegations are non-actionable under established defamation law and under Section 230 of the Communications Decency Act of 1996. Thus, the Court should strike these matters under Rule 12(f).

## II. FACTUAL ALLEGATIONS IN THE COMPLAINT

On March 5, 2021, Jasha filed his Complaint against Michaela, alleging claims for defamation, civil harassment, and civil stalking. (Docket No. 1 ("Compl.").) The background and factual allegations leading to the dispute and identified in the Complaint are set forth at length in

---

[1] As three of the parties referenced herein have the same last name, and two of these are both doctors, for ease and clarity all parties are referred to herein by their first names, including Defendant. No disrespect is intended.

-1-   Case No. 4:21-cv-01566-DMR
NOTICE OF MOTION AND MOTION TO STRIKE

Michaela's concurrently filed Motion to Dismiss, and for judicial efficiency and convenience will not be restated here, but are incorporated herein by reference.

In identifying and describing Michaela as a party, Jasha identifies Michaela's state of residency and states that she uses various pseudonyms on social media, including @caelila, @caelislaysdemons, @xxeyesaxx, @fuckthekkkops, and @evidenceagainstspacejesus. (*Id.*, at ¶ 2.) These names and pseudonyms are then referenced in various allegations in the Complaint and/or the exhibits attached to the Complaint. For example, Jasha alleges that Michaela's defamatory and harassing activity came solely from Michaela's Instagram and Twitter accounts: @caelila, @xxeyesaxx, and @evidenceagainstspacejesus. (*Id.* at ¶¶ 36–59, 61, 65.)

At the end of the paragraph describing Michaela, Jasha adds, "[Michaela] was also acting under and/or utilizing the pseudonym or screen name '@sensualintelligence' on the 'onlyfans.com' platform."[2] (*Id.* at ¶ 2.) The Complaint does not refer to or mention this screen name, pseudonym, or website again. Additionally, in reaching out to certain platforms to request the removal of Michaela's alleged defamatory and harassing statements, Jasha admits his counsel only sent letters to Twitter and Facebook—as owners of Instagram. (*Id.* at ¶ 62.)

Jasha also alleges that several of Michaela's opinions are defamatory. (*Id.* at ¶¶ 48–49.) Namely, on June 26, 2020, Michaela stated "You're an actual, factual psychopath @spacejesus,"[3] and on June 29, 2020, Michaela stated "I've been saying this for the last 4 years!!! Whatever personality disorder Trump has (is it psychosis? megalomania? just straight up soul-less?), [J]asha has it too. They operate the same exact way. It's bone chilling, how similar they are?" (*Id.*) Further, Jasha alleges that several of Michaela's retweeted Twitter posts are defamatory. On July 3, 2020, Michaela retweeted another Twitter user's, @Dmoney0101, post stating "So disheartening to

---

[2] OnlyFans.com is an online subscription service that hosts a variety of makers of content, known as "content creators." Users can subscribe to individual content creators in exchange for a monthly subscription fee and can purchase additional content for an added charge. Content creators can showcase various activities or skills, such as music, art, cooking, photography, or fitness. However, the website is heavily stigmatized due to its overwhelming association with the sex industry, nude modeling, and pornography—including by popular celebrities, YouTube and Tik Tok personalities, and adult film performers.

[3] Jasha is an electronic musician who performs under the stage name "Space Jesus." Compl. ¶ 1.

see @bassnectar @spacejesus and @NahkoBear exposed as sexual predators all in one week . . . ." (*Id.* at ¶ 50.)  On July 5, 2020, Michaela retweeted another Twitter user's, @deadsoonshawty, post stating that he burned some merchandise that he presumably bought from Jasha, and referred to Jasha as a "pedophile."  (*Id.* at ¶ 52.)  On August 9, 2020, Michaela retweeted another Twitter user's, @shambhalaaa888, post stating that Jasha raped Michaela.  (*Id.* at ¶ 54.)

### III. APPLICABLE LAW

Rule 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.  'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question. Superfluous historical allegations are a proper subject of a motion to strike."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).  "Scandalous matters are allegations that unnecessarily reflect on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court."  *Quatela v. Stryker Corp.*, 820 F. Supp. 2d 1045, 1050 (N.D. Cal. 2010) (citations and internal quotation marks omitted).

A 12(f) motion is deemed appropriate where it "will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues."  *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011).  The grounds for a motion to strike must appear on the face of the pleading or from matters subject to judicial notice.  *See, e.g.*, *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

### IV. ARGUMENTS

#### A. The Complaint's Reference of Michaela's OnlyFans.com Account Is a Gratuitous Reference with No Legitimate Purpose.

The Complaint's inclusion of Michaela's OnlyFans.com account has no other purpose than to smear her, and, thus, should be stricken as immaterial, impertinent, and scandalous.  Immaterial matter occurs when it has "no essential or important relationship to the claim for relief."  *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 490 (C.D. Cal. 2014)

1   (citing *Fantasy, Inc.*, 984 F.2d at 1527).  Despite the inclusion of Michaela's "pseudonym or screen
2   name '@sensualintelligence' on the 'onlyfans.com' platform," Jasha does not allege that any of
3   Michaela's actions or omissions involved her activity on her OnlyFans.com account.  (Compl. ¶ 2.)
4   Instead, he alleges that any purported activity came from Michaela's Instagram and Twitter
5   accounts: @caelila, @evidenceagainstspacejesus, and @xxeyesaxx.  (*Id*., ¶¶ 36–59, 61, 65.)  Not
6   only does Jasha fail to reference Michaela's OnlyFans.com account elsewhere in the Complaint, but
7   he freely admits that his counsel only sent letters to Twitter and Facebook—not to OnlyFans.com—
8   to describe the alleged defamation.  (*Id*., at ¶ 62.)  This demonstrates that Michaela's activity on
9   OnlyFans.com has no bearing in the Action and is not important to his claim for relief, and should
10  be stricken.

11          Jasha's inclusion of Michaela's OnlyFans.com account should also be stricken as
12  impertinent.  Information is impertinent when it "consists of statements that do not pertain, and are
13  not necessary, to the issues at question."  *Amini Innovation Corp.*, 301 F.R.D. at 490.  Jasha fails to
14  allege any issues at question that pertain to OnlyFans.com.  He does not allege that any of
15  Michaela's activity occurred on OnlyFans.com, or that her OnlyFans.com account is factually
16  relevant to the Action.  Therefore, the incorporation of Michaela's OnlyFans.com account is not
17  necessary to the resolution of any issue at question.  The Court should strike this statement as
18  impertinent.

19          Lastly, Jasha's inclusion of Michaela's OnlyFans.com account should be stricken as
20  scandalous.  "'Scandalous' matter includes allegations that improperly cast a 'cruelly derogatory
21  light on a party or person,'" or "which unnecessarily reflect[s] on the moral character of an
22  individual or states anything in repulsive language that detracts from the dignity of the court."
23  *Quatela*, 820 F. Supp. 2d at 1050; *Mireskandari v. Daily Mail & Gen. Trust PLC*, 2013 U.S. Dist.
24  LEXIS 194437, at *14 (C.D. Cal. 2013).  Here, Jasha incorporates Michaela's OnlyFans.com
25  account to imply an association between her account's content and OnlyFans.com's reputation for
26  sex work for credibility and smearing purposes.  Referencing Michaela's OnlyFans.com account is
27  not "directly related" to any of Jasha's claims, which allege that the actions at issue were comprised
28  of Michaela's posts to Twitter and Instagram, not to OnlyFans.com.  Instead, he attempts to

negatively associate her character with the taboo nature of the website for no other purpose than to degrade her, diminish her moral character, and cast a derogatory light on her for choosing to conduct legal and legitimate business through the website.  The inclusion of this material runs afoul of federal procedural law and the Federal Rules of Evidence.  *See Sliger v. Prospect Morg., LLC*, 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2011) (stating that a court should grant a motion to strike when "the allegations in the pleading have no possible relation to the controversy and may cause prejudice to one of the parties"); Fed. R. Evid. 404.  Jasha's reference to Michaela's OnlyFans.com account serves no legitimate purpose and should be stricken.

### B. Michaela's Statements About Jasha's Personality Should Be Stricken as Immaterial, Nonactionable Opinions.

Two of Michaela's statements calling Jasha a "psychopath" and stating that he has a "personality disorder" should be stricken because they are immaterial to this matter as nonactionable opinions.  The court may strike such statements under Rule 12 because they have no "essential or important relationship to the claim for relief." *Amini Innovation Corp.*, 301 F.R.D. at 490; *see Heller v. NBCUniversal, Inc.*, 2016 U.S. Dist. LEXIS 193316, at *1 (C.D. Cal. 2016) (granting Rule 12(f) motion to strike on "non-actionable allegations of defamatory conduct").  While Jasha treats some of Michaela's opinions as defamatory statements, these allegedly defamatory statements fail on separate grounds, and thus should be stricken.

Opinions "that do not imply facts capable of being proved true or false" are protected by the First Amendment.  *Partington v. Bugliosi*, 56 F.3d 1147, 1153 n. 10 (9th Cir.1995).  The allegedly defamatory statement "must be able reasonably to be 'interpreted as stating actual facts.'" *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 730 (9th Cir. 1999) (*citing Weller v. Am. Broadcasting Co.*, 232 Cal.App.3d 991, 1001 (1991)).  Determining whether a statement implies a factual assertion requires considering the totality of the circumstances.  *Lieberman v. Fieger*, 338 F.3d 1076, 1079–80 (9th Cir. 2003).  Courts look to (1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates that impression, and (3) whether the statement in question is susceptible of being proved true or false.  *Id.*

Colorful expressions or hyperboles constitute opinions, not forming a basis for defamation claims. *See Lieberman v. Fieger*, 338 F.3d 1076, 1080 (9th Cir. 2003) ("[N]o reasonable viewer would have taken as factual [Defendant's] colorful expressions, such as 'Looney Tunes,' 'crazy,' 'nuts' [and] . . . 'mentally imbalanced.'"). The imputation of a mental disorder that is made in an oblique or hyperbolic manner is not actionable. *See Correia v. Santos*, 191 Cal.App.2d 844, 853 (1961) (statement made "not to describe the plaintiff as a person who was mentally ill but as one who was unreasonable in his actions and his demands"); *Campbell v. Jewish Comm. for Pers. Serv.*, 125 Cal.App.2d 771, 773, 775 (1954) (letter implying that mental patient released by hospital should still be institutionalized is not libelous per se); *cf. Hoesl v. United States*, 451 F. Supp. 1170, 1172–73 (N.D. Cal. 1978), *aff'd*, 629 F.2d 586 (9th Cir. 1980) (holding that an unambiguous publication to an employer that an employee has a specified mental disorder serious enough to make him unfit for his job is defamatory on its face).

Here, two of Michaela's statements are opinions that do not imply facts capable of being proved true or false. Namely, on June 26, 2020, Michaela stated, "You're an actual, factual psychopath @spacejesus," and on June 29, 2020, Michaela stated, "I've been saying this for the last 4 years!!! Whatever personality disorder Trump has (is it psychosis? megalomania? just straight up soul-less?), [J]asha has it too. They operate the same exact way. It's bone chilling, how similar they are?" (*Id.* at ¶¶ 48–49.) These statements are the type of colorful expressions that the above-referenced courts have held to be nonactionable opinions. The Complaint's inclusion of such statements should be stricken as immaterial.

### C. Michaela's Twitter Retweets Should Be Stricken Because She Cannot Be Held Liable for Non-Original Internet Content

The Complaint's three allegations against Michaela arising from her retweets of other user's Twitter posts should be stricken as immaterial, since her retweets are not actionable under federal law. Nonactionable allegations of defamatory conduct can be stricken under Rule 12(f), as they have "no essential or important relationship to the claim for relief." *Amini Innovation Corp.*, 301 F.R.D. at 490; *see Heller*, 2016 U.S. Dist. LEXIS, at *1. Jasha attempts to hold Michaela liable for

1  statements made by third party Twitter users that she retweeted.  Pursuant to Section 230 of the
2  Communications Decency Act of 1996, no such liability exists.
3        Generally, "each publication of a defamatory statement gives rise to a new cause of action
4  for defamation." *Shively v. Bozanich*, 31 Cal. 4th 1230, 1242 (2003); *Hebrew Acad. of S.F. v.*
5  *Goldman*, 42 Cal. 4th 883, 891 (2007).  Section 230, however, "protects from liability (1) a
6  provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state
7  law cause of action, as a publisher or speaker (3) of information provided by another information
8  content provider.  *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100–01 (9th Cir. 2009) (citing 47 U.S.C.
9  §§ 230(c) and 230(e)(3)).  Section 230 has "been widely and consistently interpreted to confer
10 broad immunity against defamation liability for those who use the Internet to publish information
11 that originated from another source." *Barrett v. Rosenthal*, 40 Cal. 4th 33, 39 (2006); *Carafano v.*
12 *Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003) ("[R]eviewing courts have treated §
13 230(c) immunity as quite robust.")); *Doe v. MySpace, Inc.* 528 F.3d 413, 418 (5th Cir. 2008)
14 ("Courts have construed the immunity provisions in § 230 broadly in all cases arising from the
15 publication of user-generated content.").  A defendant's own acts must materially contribute to the
16 illegality of the Internet message of a third party for the section 230 immunity to be lost.  *Phan v.*
17 *Pham*, 182 Cal.App.4th 323, 326 (2010) (*citing Fair Hous. Council of San Fernando Valley v.*
18 *Roommates.Com, LLC*, 521 F.3d 1157, 1164 (9th Cir. 2008).
19       Here, Jasha attempts to hold Michaela liable for three separate statements she retweeted
20 from third-party Twitter users.[4]  As a Twitter user, Michaela simply retweeted the three statements
21 from other Twitter users without materially contributing to said messages.  In fact, Jasha's decision
22 in not naming the original-tweet users in this action is not only axiomatic of his own animus against
23 Michaela, but also illustrates the controversy regarding Jasha's sexual misconduct as it existed
24 within the electronic music community.

---

[4] July 3, 2020, (Compl. ¶ 50); July 5, 2020, (*id.* at ¶ 52); and August 9, 2020, (*id.* at ¶ 54).

## V. CONCLUSION

For the foregoing reasons, Defendant Michaela Higgins respectfully requests that this Court grant this Motion to Strike the paragraphs and sentences detailed herein.

DATED: April 28, 2021                    GREENBERG GROSS LLP

By:     /s/ Deborah S. Mallgrave
      Deborah S. Mallgrave

GIBBS LAW GROUP LLP
Karen Barth Menzies
Jeffrey Kosbie

Attorneys for Defendant Michaela Higgins